USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/8/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
RICARDO ORTIZ ORTIZ and ARIOSTO
FAJARDO, *individually and on behalf of
others similarly situated*,

           Plaintiffs,

    -v-

ABITINO'S PIZZA 49th STREET CORP.
d/b/a/ ABITINO'S PIZZERIA, *et al.*,

           Defendants.
----------------------------------------------------------------X

**ORDER**

19-CV-7380 (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

The parties in this wage-and-hour case have consented to my jurisdiction under 28 U.S.C. § 636(c) (Dkt. No. 42) and have submitted a joint "fairness letter" (Dkt. No. 40) and a proposed settlement agreement (Dkt. No. 46) for my approval under *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015).[1] Courts generally recognize a "strong presumption in favor of finding a settlement fair" in cases like this one brought under the Fair Labor Standards Act ("FLSA"), as they are "not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Souza v. 65 St. Marks Bistro*, No. 15-CV-327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (citation omitted). Moreover, in light of

---

[1] The Court directs the parties' attention to the following errors in their proposed settlement agreement: (1) Paragraphs 1 and 9 refer to plaintiffs as "Plaintiff," "his," and "he" as if there is only one plaintiff in this matter; (2) the wrong verb tense is used throughout the agreement, including in Paragraphs 2, 8, 9. In the future, the parties should carefully proofread their submissions prior to filing them with the Court.

defendants' financial situation during the COVID-19 pandemic, the "potential difficulty in collecting damages militates in favor of finding a settlement reasonable." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013). *See also Hart v. RCI Hosp. Holdings, Inc.*, No. 09-CV-3043 (PAE), 2015 WL 5577713, at *10 (S.D.N.Y. Sept. 22, 2015) (significant "risk that plaintiffs would not be able to collect, or fully collect, on a judgment" supported approval of settlement agreement, which "[g]uaranteed recovery from the other two defendants in the event that [one] prove[d] unable to pay the entire settlement amount").

Having carefully reviewed the joint fairness letter and the proposed settlement agreement, and having participated in a lengthy conference that led to the settlement, the Court finds that all of the terms of the proposed settlement (including the allocation of attorney's fees and costs) appear to be fair and reasonable under the totality of the circumstances (and in light of the factors enumerated in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012))."[2]

Accordingly, the proposed settlement is approved. The Clerk is directed to close this case.

**SO ORDERED.**

Dated: February 8, 2021
New York, New York

_____
JAMES L. COTT
United States Magistrate Judge

---

[2] The Court's approval of the allocation of attorney's fees should not be construed as an approval of the hourly rate of plaintiffs' counsel.